The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.



**/S/ RUSS KENDIG**

Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) CHAPTER 7 |
| GLENN RICHARD KING, JR., | ) |
| | ) CASE NO. 10-63468 |
| Debtor. | ) |
| | ) ADV. NO. 10-6099 |
| | ) |
| KING'S WELDING & FABRICATING, INC., | ) |
| | ) |
| Plaintiff, | ) JUDGE RUSS KENDIG |
| | ) |
| v. | ) |
| | ) |
| GLENN RICHARD KING, JR., | ) **MEMORANDUM OF OPINION** |
| | ) **(NOT FOR PUBLICATION)** |
| Defendant. | ) |

On December 6, 2010, plaintiff King's Welding & Fabricating, Inc. ("King's Welding") filed a motion to lift the automatic stay and remand this adversary proceeding to state court ("motion"). On March 7, 2011, a hearing was held on the motion. Prior to the hearing, the parties filed briefs pursuant to a scheduling order. Alfred D. McCallin represented the plaintiff and Wallace W. Walker, Jr. represented debtor-defendant Glenn Richard "Rick" King, Jr. ("Rick King"). At the close of the hearing, the court announced that it would take the motion under advisement. In addition, Rick King requested that the court order mediation, and the court took this request under advisement. Finally, the court *sua sponte* considers the jury demand made by

Rick King in his answer, filed on November 23, 2010.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the general order of reference entered in this district on July 16, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (I) and (O).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## BACKROUND

King's Welding is a corporation located in Mechanicsville, Ohio. Glenn Richard King ("Glenn King") claims to be its president and owner, and Rick King is a former employee and vice president. Rick King is Glenn King's son and disputes, in some manner, ownership of King's Welding.

The complaint alleges that while employed at King's welding, Rick King redirected the business of King's Welding's largest client, PCC Airfoils, to his own company, ANJ Contracting, LLC ("ANJ Contracting"). Rick King allegedly utilized King's Welding's trade secrets while soliciting PCC Airfoil's business and while operating ANJ Contracting.

The complaint also alleges that Rick King embezzled money from King's Welding. While employed at King's Welding, Rick King allegedly sold scrap metal dust to Alloy Metal Sales and scrap metal to an unspecified other. In connection with the sales, he allegedly directed Alloy Metal Sales to send payments totaling $32,000 to his wife, Julie King.

Rick King tells a different story. According to his filings, he was the workhorse behind King's Welding and the primary driver of the company's success. In 1973, during a 30-day leave from the Navy, Rick King converted his parents' horse barn into the welding shop where King's Welding was started. After leaving the Navy, Rick King began working full time at King's Welding under the assumption that he would someday obtain ownership. At some point, he became King's Welding's vice president. In 1995, Glenn King retired from active management of King's Welding. From 1995 to 2004, Rick King allegedly ran all aspects of the business. During those years, he allegedly initiated King's Welding's relationship with PCC Airfoils. During that time, King's Welding's income grew from $500,000 in 1995 to $2,248,313 in 2004.

Rick King alleges that, in 2004, Glenn King returned to active management of the business. Upon his return, he allegedly fired key employees and verbally abused others, causing them to quit. As a result, King's Welding no longer had enough employees to keep up with orders, and King's Welding could not maintain PCC Airfoils as a client. According to Rick King, he formed ANJ Contracting in an attempt to salvage his family's relationship with PCC Airfoils.

On October 5, 2005, King's Welding filed suit against Rick King in the Carroll County

2

Court of Common Pleas as case number 05-CVS-24422. The complaint alleges breach of fiduciary duty, violation of Ohio's trade secret act, tortious interference with a business relationship, conversion and fraud. On February 21, 2008, King's Welding filed a motion for summary judgment. On April 18, 2008, the state court issued a 6-page opinion granting summary judgment with regard to conversion and breach of duty of good faith and denying with regard to the other claims. The failure of the state court to call the case on the morning of trial, and for two years thereafter, is alleged, but murky.

On August 11, 2010, Rick King filed a bankruptcy petition, which stayed the state court proceedings pursuant to 11 U.S.C. § 362.

## LAW AND ANALYSIS

*A. King Welding's Motion for Remand*

King's Welding argues that the court should exercise permissive abstention under 28 U.S.C. § 1334(c)(1) and remand this matter to state court. Section 1334(c)(1) provides that a court may abstain from "a particular proceeding arising under title 11 or arising in or related to a case under title 11." Recently, this court applied six factors in determining whether to exercise permissive abstention: (1) convenience of the federal forum; (2) avoidance of piecemeal litigation: (3) the order in which the courts obtained jurisdiction; (4) whether either court has assumed jurisdiction over property; (5) the source of law for the decision; and (6) whether the state court can adequately protect the rights of the party seeking federal jurisdiction. Holcomb v. HG Ohio Corp. (In re HG Ohio Corp.), Adv. No. 09-6131, Docket No. 30, *3 (2010) (*citing* In re Park Imperial Canton, Ltd., 177 B.R. 544, 549 (Bankr. N.D. Ohio 1994)). This is a multi-factor balancing test and not all factors need to weigh in favor of permissive abstention is order for it to be appropriate. *See* In re Applegate, 414 B.R. 209, 216 (Bankr. N.D. Ohio 2008).

The court now applies the six-factor test and concludes that it should not remand this adversary proceeding. Applying the first factor, the court finds that either forum is convenient to the parties, and the factor is a wash. Applying the second factor, the court finds that litigating this matter in bankruptcy court would avoid piecemeal litigation. This adversary proceeding involves two distinct sets of issues: first, issues related to liability and damages, and, second, issues related to dischargability. This court, unlike the state court, has jurisdiction to resolve both sets of issues. For substantially the same reason, the court finds that the fifth and sixth factors support litigating this matter in bankruptcy court. Applying the fifth factor, the court notes that the source of law for the dischargability issues in this litigation is federal bankruptcy law. Applying the sixth factor, the court notes that the state court cannot adequately protect the debtor's rights under the bankruptcy code. The fourth factor also supports continuing this litigation in bankruptcy court because the court already has jurisdiction over the estate.

The only factor which supports remand is the third factor because the state court obtained jurisdiction first. However, this factor is outweighed by all others, which support this court

retaining jurisdiction.

Accordingly, the motion to remand is denied.

*B. The Debtor's Jury Demand*

The Sixth Circuit Court of Appeals squarely has held that a debtor has no Seventh Amendment right to a jury in a section 523 action with regard to dischargability, liability or damages. Longo v. McLaren (In re McLaren), 3 F.3d 958, 960 (6th Cir. 1993). Two separate lines of reasoning support this conclusion. First, dischargability actions are equitable proceedings, which historically have been tried without juries. Id. Second, by filing a bankruptcy petition, a debtor waives his right to a jury trial. "A defendant or potential defendant to an action at law cannot initiate bankruptcy proceedings, thus forcing creditors to come to bankruptcy court to collect their claims, and simultaneously complain that the bankruptcy forum denies him or her a jury trial." Id. at 960–61.

Accordingly, the court strikes the debtor's demand for a jury trial.

*C. The Debtor's Request for Mediation*

The court will hold a further pretrial conference to discuss the possibility of mediation with the parties in light of this opinion.

An order will issue with this opinion.

\#     \#     \#

Service List:

King's Welding & Fabricating, Inc
5259 Bane Road NE
Mechanicstown, OH 44651

Alfred D McCallin
116 Cleveland Ave NW
500 Courtyard Ctr
Canton, OH 44702-1423

Robert J Tscholl
220 Market Avenue, S
Suite 1120
Canton, OH 44702

Glenn Richard King, Jr.
6012 Monarch Rd
Mechanicstown, OH 44651

James R Kandel
101 Central Plaza S
Ste 1003
Canton, OH 44702-1433

Wallace W. Walker, Jr., Esq.
7774 Oakhurst Cir.
Brecksville, OH 44141